UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LINDA POLLINS**
        Plaintiff,

vs.                                      Case No. __8:21-cv-1602_____

**THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,**

        Defendant.
_____/

## COMPLAINT

The Plaintiff, Linda Pollins (herein after Pollins) by and through her undersigned attorney, sues the Defendant, The Prudential Insurance Company of America, and states:

1. This is an action for legal and/or equitable relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et. seq.

2. This Court has jurisdiction pursuant to ERISA § 502, 29 U.S.C. § 1132 and the Plaintiff, Pollins, is a residence of Venice, Sarasota County, Florida.

3. The Prudential Insurance Company of America is an insurance company licensed to transact business in Florida, which is or was at all relevant times engaged in business in this District.

4. Plaintiff, is an employee and/or a former employee of DaVita, Inc.

Plaintiff is and/or was eligible to participate in each of the plans, funds, programs, or arrangements described herein which were available to her by virtue of her employment with DaVita, Inc.

5. At all relevant times since 2014, Plaintiff was a participant in an employee benefit plan of DaVita, Inc. ("the Plan" – a copy of the Summary Plan Description for the Long Term Disability Plan number 52201, is attached hereto and incorporated herein as Exhibit "A").

6. The Plan is subject to the provisions of ERISA.

7. The Plan may be funded partially by employee contributions to the employee benefit plan.

8. The Prudential Insurance Company of America is the Claims Administrator of the Plan and/or is the fiduciary charged with making benefit determinations under the Plan, including the determinations made on Pollins' claim up through the appeal process for disability because of cervical surgery performed on March 10, 2020.

9. Plaintiff submitted a claim for short term and then long term disability benefits under the Plan and The Prudential Insurance Company of America determined that she was and is totally disabled from January 9, 2020 and paid her short term benefits, and then long term benefits through July 14,

2020.

10. The Plan has failed and refused to pay benefits from July 15, 2020, through the date of the filing of this action, even though the Plaintiff was totally disabled and unable to engage in any gainful employment.

11. With respect to all claims made herein, Plaintiff has exhausted all of her administrative remedies and/or such exhaustion of remedies is excused. (Please see two (2) review letters by Prudential of medical records submitted by Pollins. Both letters are dated December 4, 2020 and constitute a final denial.)

12. Plaintiff is entitled to certain benefits under the Plan consisting of benefits for long term disability from July 15, 2020 through the date of the filing of this action.

13. Plaintiff is entitled to the Plan benefits identified herein because:

(a) The benefits are permitted under The Plan.

(b) The Plaintiff has satisfied all conditions precedent to be eligible to receive the benefits.

(c) Plaintiff has not waived or otherwise relinquished entitlement to the benefits.

(d) Plaintiff is unable to earn any percentage of her lost wages.

(e) Each disabling condition began while covered under the Plan.

(f)     The Plaintiff is not reasonable fitted by education, training or experience to perform any job that defines "any gainful occupation" even though she remains under the regular care of a doctor(s) for her covered medical conditions.

14.    The Prudential Insurance Company of America, on behalf of the Plan, has refused to pay the benefits sought by Plaintiff and as grounds for such refusal has alleged that Plaintiff does not satisfy the definition of total disability as stated in the Long Term Disability Plan.

15.    Each benefit payment due since July 15, 2020 is a liquidated sum, and became liquidated on the date the payment was due and payable. Plaintiff seeks pre-judgment interest on each such payment.

16.    Pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), the Plaintiff is entitled to an award of reasonable attorney fees and costs incurred in this action brought under ERISA. Plaintiff has been required to obtain the undersigned attorney to represent her in this matter and has agreed to pay a reasonable attorney fee as compensation to him for his services.

WHEREFORE, Plaintiff, Linda Pollins, asks this Court to enter judgment against Defendant, The Prudential Insurance Company of America, finding that:

(a)     The Plaintiff is entitled to long term disability benefits from July 15,

2020 through the date of the entry of a Final Judgement in this action; and

  (b) Award long term disability benefits in the amount not paid to the Plaintiff from July 15, 2020 through the date of the entry of a Final Judgement in this action, together with pre-judgment interest on each payment from the date it became due until the date it is paid; and

  (c) Award reasonable attorney fees and costs incurred in this action; and

  (d) For such other and further relief as this Court deems just and proper under the circumstances.

/s/ Donald C. Anderson
Donald C. Anderson, Jr., Esq.
Law Office of Donald C Anderson, Jr
FBN: 0167380
dca@thedisabilityfirm.com
2101 5th Avenue North
St. Petersburg, FL 33713
P: 727-323-8886 | F:727-323-3252

cc: Linda Pollins